IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

CHAD ARGENBRIGHT, )
)
        Plaintiff, )
)
v. )   Case No. 11-4350-CV-SW-ODS-SSA
)
MICHAEL J. ASTRUE )
Commissioner of Social Security )
)
        Defendant. )

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and supplemental security income benefits. The Commissioner's decision is reversed and the case is remanded for further proceedings.

### I. BACKGROUND

Plaintiff was born January 21, 1972, and has a high school education. He alleges he became disabled on February 1, 2001, due to spine and carpal tunnel impairments.

The ALJ applied the five-step process for analyzing disability claims. The ALJ determined Plaintiff has not engaged in substantial gainful activity since the alleged onset date. The ALJ found Plaintiff has a severe impairment of status post lumbar disc disease. At step three, the ALJ determined Plaintiff's ailments do not meet or equal a listed impairment. For steps four and five, the ALJ concluded Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can occasionally bend forward at the waist, occasionally bend at the knees to come to rest on knees, and occasionally bend downward by bending legs and

spine. Next, the ALJ found Plaintiff is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Finally, the ALJ concluded that Plaintiff is not disabled.

## II. STANDARD

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## III. DISCUSSION

### 1. The ALJ Properly Considered All the Relevant Evidence

Plaintiff argues the ALJ erred in determining Plaintiff's RFC by failing to consider all the relevant evidence. The Court disagrees.

A five-step sequential evaluation process is used by the Commissioner to assess disability claims. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (citing 20 C.F.R. §§ 404.1520(a)-(f)).

> During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security Income listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work.

*Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005). Step four of the analysis requires the ALJ to determine the claimant's RFC. *Id.*

First, Plaintiff argues the ALJ erred in determining Plaintiff's RFC because the ALJ stated Plaintiff has no evidence of sensory loss. Plaintiff argues the ALJ failed to consider evidence that William Hopkins, MD, examined Plaintiff on January 29, 2010, who indicated Plaintiff had sensory loss. The Court disagrees. When discussing his findings for step three of the sequential evaluation process, the ALJ stated, "[t]here is no evidence of reflex loss, motor loss, sensory loss, muscle atrophy, positive straight leg raising or other findings to meet the requirements for listed musculoskeletal impairments." R. 11. The ALJ was not saying there was no evidence whatsoever of sensory loss, but rather that there was insufficient sensory loss to meet the listed impairment. This determination had no bearing on Plaintiff's RFC because the analysis did not stop at step four. Further, when determining the RFC at step four, the ALJ considered the medical facts that resulted from Plaintiff's examination at the Missouri Spine Center in January and February 2010. R. 13-14. The Record reflects that Dr. Hopkins was the medical provider at the Missouri Spine Center. R. 241-44. The ALJ properly considered the evidence from Dr. Hopkins's medical assessment when determining Plaintiff's RFC.

Next, Plaintiff argues the ALJ improperly determined Plaintiff had no positive straight leg raise when two medical providers, Theresa Campbell, RN, and Dr. Hopkins, opined that Plaintiff had pain during the straight leg raising test. Once again, the ALJ's determination that there was no evidence of a positive straight leg raise was made for the purpose of concluding that Plaintiff's ailments did not meet a listed impairment at step three. The ALJ stated "[t]here is no evidence of . . . positive straight leg raising or other findings to meet the requirements for listed musculoskeletal impairments. R. 11. The ALJ never indicated there was no evidence of a positive straight leg test whatsoever. At step four, the ALJ took Ms. Campbell's and Dr. Hopkins's assessments into consideration when determining Plaintiff's RFC. R. 13-14. When addressing Ms. Campbell's assessment, the ALJ noted "[s]traight leg raise on the right elicited pain in

3

his back." R. 13. The Court finds that the ALJ properly considered evidence that two medical providers opined that Plaintiff had pain during the straight leg raising test.

Plaintiff also makes other arguments that the ALJ improperly failed to discuss all relevant objective testing including the results of Plaintiff's x-ray of the thoracic spine and an MRI of the lumbar spine. The Court finds the ALJ did consider this evidence as the ALJ's opinion specifically makes references to the results of these tests. R. 14-15.

Finally, Plaintiff contends the RFC was improperly assessed because the ALJ failed to discuss Plaintiff's obesity. Nothing in Plaintiff's medical records indicates that a physician ever placed physical limitations on Plaintiff's ability to perform work-related functions because of his obesity. *See McNamara v. Astrue*, 590 F.3d 607, 611 (8th Cir. 2010). Doctors noted Plaintiff's obesity, but never noted any work-related restrictions due to the obesity. The Record is void of any evidence that Plaintiff's obesity results in work-related limitations, and it was not reversible error for the ALJ's opinion to omit a specific discussion of obesity. *McNamara*, 590 F.3d at 611.

2. The ALJ Failed to Properly Link his RFC to the Substantial Evidence of Record

Finally, Plaintiff contends the ALJ's RFC determination was improperly assessed because the ALJ did not perform a function-by-function analysis pursuant to Social Security Ruling 96-8p. Specifically, Plaintiff argues the ALJ failed to assess any restrictions based on Plaintiff's limited ability to sit, stand, walk, push/pull, and the need to limit exposure to vibrations. The Court agrees.

The issue of what, if any, limitations Plaintiff has in his ability to sit, stand, push/pull, and the need to limit exposure to vibrations, have not been resolved. The ALJ stated he accepted the limitations provided from the State Agency medical consultant. The State Agency's assessment stated that Plaintiff would be able to:

> lift 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 2 hours in an 8 hour day, sit for 6 hours in an 8 hour day, and push/pull limited in the upper extremities to avoid constant flexion extension activities with bilateral hands. Argenbright was limited to occasional climbing (of all kinds), stooping, and crouching. Argenbright was also to avoid concentrated exposure to vibrations.

4

R. 322-324.  However, the ALJ failed to address any of these limitations when discussing claimant's RFC.  This error is not cured by looking at the testimony from the administrative hearing because the ALJ did not pose a hypothetical to the vocational expert ("VE") regarding limitations to sitting, standing, pushing/pulling, or exposure to vibrations.  There is no indication as to how the ALJ resolved this evidence.  If the ALJ accepted the State Agency's assessment in its entirety, the final decision must be reversed because the RFC (and the hypothetical posed to the VE) did not incorporate all of Plaintiff's limitations.  If the ALJ rejected the State Agency's assessment of Plaintiff's ability to sit, stand, and walk, the case must be reversed because the ALJ did not give reasons for reaching this conclusion.

There is not substantial evidence in the Record as a whole to support the final decision because it cannot be reconciled with the opinion expressed by the State Agency medical consultant.  The State agency describes limitations greater than those found by the ALJ.  It may be that there are reasons to reject or discount the State Agency's conclusions, and it may be that Plaintiff is capable of working notwithstanding the limitations, but determinations of this sort are to be made initially at the administrative level, not by the Court.

## IV. CONCLUSION

The Commission's final decision is reversed and the case is remanded for further proceedings.  On remand, the Commissioner shall make findings regarding Plaintiff's RFC, including particularly the limitations suggested by the State Agency.  The Commissioner shall also reconsider the conclusions at steps four and five, eliciting additional testimony from a vocational expert if necessary.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 26, 2012  UNITED STATES DISTRICT COURT

5